**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| FERNANDO D. VALENTINE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:25-cv-103-WLS-ALS |
| | : | |
| WARDEN ROY ODUM, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Plaintiff Fernando D. Valentine, an inmate who is presently incarcerated at the Jenkins Correction Center in Millen, Georgia, filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). In accordance with the Court's previous orders and instructions, Plaintiff paid the required filing fee on January 8, 2026. Therefore, the Complaint is now ripe for preliminary screening pursuant to 28 U.S.C. § 1915A. On review of Plaintiff's claims, the conditions-of-confinement and bodily privacy claims against Defendants Edmunds, Gilam, Thomas, Shells, and Dennings shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice**.

**PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, "[*p*]*ro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020)

(citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citation omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the

2

complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    Factual Allegations

Plaintiff's claims arise from his confinement at Valdosta State Prison ("VSP"). (Doc. 1, at 3). Plaintiff claims he was placed "in a 4 foot by 4 foot cage, labeled a module, for ten (10) days at Valdosta State Prison." (Doc. 1-2, at 1). The "small cage is designed for inmates[] to be locked in for 15-20 minutes to use the kiosk," and it is "not a living area or a cell to be housed in." *Id*. at 3. The cage is located "in the middle of the dayroom" and "had no toilet, no water, no showers, and no privacy." *Id*. at 3, 4. Plaintiff said he had "no way of using the restroom [and] no drinking water," and he was forced to defecate in a bag in full view of staff and other inmates. (*Id*. at 1; Doc. 1, at 5). He was also forced to use the bathroom on himself because he was not allowed to leave the cage, and he was not permitted to shower for nine days. (Doc. 1, at 5). Plaintiff states that prison officials, including Defendants Edmunds, Gilam, Thomas, Shells, and Dennings were responsible for housing Plaintiff in the cage, and he suggests they did so intentionally to "ma[k]e a spectacle of [him]." (Doc. 1-2, at 1). Plaintiff contends Defendants' conduct violated his constitutional rights, and he seeks relief in the form of monetary damages. (Doc. 1, at 5).

A.  Plaintiff's Claims

1.  *Conditions-of-Confinement Claims against Defendants Edmunds, Gilam, Thomas, Shells, and Dennings*

Plaintiff's allegations give rise to Eighth Amendment claims challenging the conditions of his confinement. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 32 (1993) (observing that State is obligated to care for inmates' "basic human needs" (citation omitted)). A conditions-of-

3

confinement claim has both objective and subjective components. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities". *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010).   This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted)(quoting *Helling*, 509 U.S. at 33), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling*, 509 U.S. at 36.

To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331. To establish deliberate indifference, a plaintiff must plausibly allege that the defendant "acted with 'subjective recklessness as used in the criminal law'" and "the plaintiff must show that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm – with the caveat that, in any event, a defendant who 'respond[s] reasonably' to a risk, even a known risk, 'cannot be found liable' under the Eighth Amendment." *Wade*, 106 F.4th at 1255 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

The deprivation of basic hygiene and sanitation can amount to a constitutional violation. *Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015) (recognizing "'well established' Eighth Amendment right 'not to be confined . . . in conditions lacking basic sanitation'") (alteration in original) (quoting *Chandler v. Baird*, 926 F.2d 1057, 1065-66 (11th Cir. 1991)). "Exposure to human waste, like few other conditions of confinement, evokes both the health concerns

4

emphasized in Farmer and the more general standards of dignity embodied in the Eighth Amendment." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Eleventh Circuit "precedent establishes than an inmate's prolonged exposure to human waste 'sufficiently allege[s] a substantial risk of serious harm.'" *Canupp v. Paul*, 716 Fed. Appx. 836, 840 (11th Cir. 2017). Plaintiff's description of his living conditions—particularly his lack of adequate access to restroom facilities and the resulting prolonged exposure to his own waste—are more than sufficient to show denial of the "minimal civilized measure of life's necessities." *Thomas*, 614 F.3d at 1304. Furthermore, Plaintiff alleged that Defendants Edmunds, Gilam, Thomas, Shells, and Dennings knew of the conditions of his confinement and allowed them to persist as a "spectacle" for their own "amusement." (Doc. 1-2, at 3). Therefore, it is recommended that Plaintiff's Eighth Amendment claims proceed against these five Defendants. *See Brooks*, 800 F.3d at 1307 ("Laughing at and ridiculing an inmate who is forced to sit in his own feces for an extended period of time is not merely unreasonable, but an act of 'obvious cruelty'") (quoting *Hope v. Pelzer*, 536 U.S. 730, 745 (2002)).

### 2. Privacy Claims against Defendants Edmunds, Gilam, Thomas, Shells, and Dennings

Plaintiff also alleges that he had no privacy in the "wide-open, fully viewable cage" situated "in the middle of the dayroom," and he was thus required to use the bathroom "in front of everyone[.]" (Doc. 1-2, at 1); *see also id.* at 4 ("I had to relieve myself in a trash bag for ten (10) days with no curtains in the view of some 50 men."). The Eleventh Circuit has held "that a prisoner retains a constitutional right to bodily privacy." *Fortner v. Thomas*, 983 F.2d 1024, 1026 (11th Cir. 1993). In so holding, the Eleventh Circuit recognized that "most people have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating." *Id.* at 1030 (internal quotation marks and

5

citation omitted). Plaintiff alleges he was required to urinate and defecate in a cage without a toilet in the middle of the dayroom for more than a week. (Doc. 1-2, at 1). It is also apparent from Plaintiff's submissions that members of the opposite sex were working around Plaintiff at the same time. (Doc. 1-2, at 2) (stating that female officer not named as a Defendant helped Plaintiff by providing him with bottled water on ninth day of confinement); (Doc. 1-1, at 3) (identifying duty officer as female). Therefore, Plaintiff has sufficiently alleged enough to allow those claims against Defendants Edmunds, Gilam, Thomas, Shells, and Dennings that his placement in the cage violated his constitutional right to bodily privacy to proceed for further factual development.

*3.   Supervisory Liability Claims against Defendant Odum*

Plaintiff also named VSP Warden Roy Odum as a Defendant in this case. (Doc. 1, at 1). Plaintiff does not explain how Warden Odum violated his constitutional rights. The Court therefore assumes that Plaintiff is attempting to sue Warden Odum in his official capacity as the supervisor of the remaining Defendants. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See, e.g., Christmas*, 76 F.4th at 1330; *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in the unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of

6

a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Here, Plaintiff does not allege facts that could show a history of widespread abuse, an improper custom or policy, or that Warden Odum was aware his subordinates would violate Plaintiff's constitutional rights and failed to stop them. At most, Plaintiff suggests that "the administration" is still using the cage to house inmates. (Doc. 1-2, at 3). However, Plaintiff does not identify which prison officials constitute "the administration," plead any specific facts showing that other inmates received this treatment, or describe how widespread the practice might be. Absent such facts, Plaintiff cannot state a supervisory liability claim against Warden Odum. *See, e.g., Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."); *see also Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (holding that "[a] single incident, or isolated incidents, do not ordinarily satisfy th[e] burden" of proving a supervisory liability claim). Therefore, it is recommended that any such claim be dismissed without prejudice.

### 4. Property Damage Claims

Plaintiff also briefly mentions that he was robbed and that his property was damaged while he was housed in the cage. (Doc. 1-2, at 1). To the extent Plaintiff contends that Defendants' actions caused property loss, his allegations could give rise to due process claims. It is well-established, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Georgia provides a civil cause of action for the wrongful conversion of personal property, and [the Eleventh Circuit has] held that this cause of action

constitutes a suitable postdeprivation remedy for procedural due process violations." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (first citing O.C.G.A. § 51-10-1; and then citing *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)). Plaintiff has not alleged that he has attempted to pursue a civil action based on Defendants' actions or that such a remedy is not available to him. (Doc. 1). Therefore, he has failed to state a due process claim concerning the loss of his personal property, and as such, it is recommended that these claims should also be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's conditions-of-confinement claims and his bodily privacy claims against Defendants Edmunds, Gilam, Thomas, Shells, and Dennings shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length.   *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Edmunds, Gilam, Thomas, Shells, and Dennings, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Each Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.

This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the Parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of

10

written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting

11

authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 17th day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1)     State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2)     If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings.    If the recordings have not been preserved, explain in detail why.

(3)     State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings.    If the recordings have not been preserved, explain in detail why.

(4)     If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged.    If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5)     Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint.    Failure to do so may result in the imposition of sanctions.

13