**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

FERNANDO D. VALENTINE,

Plaintiff,

v.

WARDEN ROY ODUM, et al.,

Defendants.

Case No. 7:25-cv-103-WLS-ALS

**UNOPPOSED MOTION TO EXTEND TIME FOR DISCOVERY**

Pursuant to Rule 16(b)(4), and with the consent of Defendants, Plaintiff Fernando D. Valentine moves to modify the Court's Order and Recommendation setting a Discovery deadline (Doc. 7), to extend Discovery by 120 days. As grounds, Plaintiff states:

1. Plaintiff *pro se* filed a Complaint in this matter on August 21, 2025. (Doc. 1).

2. Plaintiff has little to no experience litigating civil actions. *See* Complaint. (*Id*.).

3. On February 17, 2026, this Honorable Court issued its Order and Recommendation (Doc. 7)[1] ordering service be made on Defendants Edmunds, Gilam, Thomas, Shells, and Dennings and setting a 90-day discovery deadline:

> "[D]iscovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first).

[1] On April 8, 2026, the Honorable W. Louis Sands, Sr. adopted the Magistrate's Recommendation. (Doc. 12).

4. In its Order, the Court did not set the matter for trial or issue a more extensive Scheduling Order. *See* Order. (Doc. 7).

5. On June 1, 2026, returns of service from the U.S. Marshal Service were filed stating that no one named “Shells” or “K. Thomas” worked at Valdosta State Prison, where service was to be effected. (Docs. 25 and 25-1).

6. Defendants Marjorie Gillum, Miracle Edmonds, Raven Denning filed their Answer on June 24, 2026. (Doc. 27).

7. Pursuant to the Court’s Order (Doc. 7), Discovery is to be completed 90 days from their Answer, by September 22, 2026.

8. On August 31, 2026, undersigned counsel filed Notices of Appearance on behalf of Plaintiff. (Docs. 34 and 35).

9. The same day, Plaintiff’s counsel corresponded with Defense counsel and indicated Plaintiff would seek a 4-month discovery extension and intended to move for leave to file an Amended Complaint.

10. Defense counsel agreed to the extension but objected to amending.

11. Without waiting, Plaintiff will serve Georgia Department of Corrections (“GDC”) a subpoena for records. This process will involve negotiating a confidentiality agreement.

12. Plaintiff anticipates using GDC’s responses to determine the actual names for Defendants “Shells” and “K. Thomas” to effect service on those Defendants in the future.

13. Plaintiff anticipates using GDC’s responses (e.g., incident reports, grievances, policies, and officer employment records) during subsequent depositions for any Defendants.

14. Plaintiff will serve Defendants with individual interrogatories and requests for production and admissions.

15. Plaintiff's counsel will seek leave to inspect and photograph the cages at Valdosta State Prison where Plaintiff was housed without toilets and water.

**Amending Complaint**

16. Plaintiff also seeks to extend Discovery because Plaintiff will move for leave to amend his Complaint and requires additional discovery to determine the names of the two defendants whom the Marshal's Service determined were unknown at Valdosta State Prison: "Shells" and "K. Thomas."

17. Also, prior to being confined in the 4 by 4 foot toilet-free and waterless cage specified in his Complaint, Plaintiff was confined in a similar, but larger cage, also without toilet and water.

18. Plaintiff's housing in this first cage violated his Eighth Amendment right to be free from cruel and unusual punishment.

19. Plaintiff will seek leave to amend the Complaint to add claims for the first confinement, and add at least one new defendant, Officer Daniel, who was involved in that initial confinement.

20. A new claim—for the first confinement—would require additional Discovery.

21. Defendant Dennings, already served, was also complicit in the first caging incident, and Plaintiff would seek to amend to add claims against her for this incident, which would also require additional Discovery.

22. Were the Court to permit an Amended Complaint, Plaintiff would need time to serve any additional defendants, in which case the Discovery deadline would need to be extended from a new Defendant's Answer.

**MEMORANDUM OF LAW**

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Extending the Discovery timeframe would allow the parties to adequately complete discovery in this case, and fully litigate the case.

Here, having entered Notices of Appearance on August 31, any Discovery requests issued by Plaintiff's counsel at this point would have 30-day response deadlines that would fall outside the September 22 deadline to complete Discovery. *See*, *e.g.*, Fed. R. Civ. P. 33(b)(2).

Moreover, Plaintiff's counsel cannot anticipate when GDC would provide documents in response to their subpoena, making completion of Discovery prior to September 22 extremely difficult.

Further, having not yet pleaded any claims regarding the first caging incident, Plaintiff could theoretically file an entirely new complaint, but would prefer to amend the existing Complaint for judicial efficiency. Fed.R.Civ.P. 42(a), Consolidation, codifies "a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). (Internal quotation marks removed.) Trial judges are encouraged to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id*. Here, the Court should extend the Discovery deadline in light of additional claims to be brought.

Accordingly, Plaintiff seeks modification of the Discovery deadline, which Defendants do not oppose.

WHEREFORE, Plaintiff Fernando Valentine respectfully request that the Court grant this motion and enter an order amending the Order and Recommendation to extend discovery from September 22, 2026 by 120 days, to January 20, 2027.

Dated: September 4, 2026.

Respectfully submitted,

*/s/ Joshua Tarjan*
Joshua Tarjan
Florida Bar No. 107092
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com
*Pro Hac Vice*

*/s/ James M. Slater*
James M. Slater
Georgia Bar No. 169869
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: *_/s/ Joshua Tarjan_*
Joshua Tarjan